IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NYAB COLLECTION, INC. D/B/A ROYAL JEWELERS, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. 3:17-cv-01771 |
| GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | | |
| Defendant. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Great American Insurance Company of New York (incorrectly named as Great American Insurance Group d/b/a Great American Insurance Company of New York) ("Great American") files this Notice of Removal under 28 U.S.C. § 1446(a) and states as follows:

## I.
## INTRODUCTION

1. Plaintiff Nayab Collection, Inc., d/b/a Royal Jewelers (incorrectly named as Nyab Collection, Inc. d/b/a Royal Jewelers) ("Plaintiff") commenced this lawsuit on June 8, 2017 by filing Plaintiff's Original Petition ("Petition") in the 193rd Judicial District Court of Dallas County, Texas – Cause No. 17-06845.

2. Great American files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

3.  Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

4.  Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Great American.**

5.  Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, a Texas corporation with its principal place of business in Dallas, Texas. Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

6.  Great American was at the time this lawsuit was filed, and at the date of this Notice remains, a New York corporation with its principal place of business in Cincinnati, Ohio. Thus, Defendant is a citizen of the states of New York and Ohio for purposes of diversity of citizenship.

7.  Because Plaintiff is a citizen of Texas and Great American is a citizen of New York and Ohio, complete diversity of citizenship exists between Great American and Plaintiff (now and on the date Plaintiff filed this lawsuit).

**B.  Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

8.  If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Great American's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[1]

---

[1]  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

9. Here, Plaintiff's Original Petition states that Plaintiff seeks to recover more than $200,000 in this lawsuit.[2] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

10. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

12. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b. a copy of the docket sheet in the state court action;

    c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

---

[2] *See* Plaintiff's Original Petition at ¶11.1.

WHEREFORE, Defendant Great American Insurance Company of New York requests that this action be removed from the 193rd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:   */s/ Todd M. Tippett*
    Todd M. Tippett
    Texas Bar No. 24046977
    TTippett@zelle.com
    Victoria L. Vish
    Texas Bar No. 24089850
    vvish@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK (INCORRECTLY NAMED AS GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN COMPANY OF NEW YORK)**

# **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Notice of Removal was served on all counsel of record on July 6, 2017, in accordance with the Federal Rules of Civil Procedure, as follows:

Jason Richerson
State Bar No. 24079207
info@richersonlawfirm.com
RICHERSON LAW FIRM
306 East Randol Mill, Suite 160
Arlington, Texas 76011
Telephone:   214-935-1439
Facsimile:    214-935-1445

**ATTORNEY FOR PLAINTIFF**

 */s/ Todd M. Tippett*
Todd M. Tippett