# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NYAB COLLECTION, INC. D/B/A ROYAL JEWELERS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:17-cv-01771 |
| GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | § § § § § § | |
| Defendant. | § | |

## **EXHIBIT A**

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

   a. Plaintiffs' Original Petition
      Filed:        June 8, 2017

   b. Return of Service on Defendant Great American Insurance Group d/b/a Great American Insurance Company
      Served:     June 12, 2017
      Filed:        June 19, 2017

   c. Defendant Great American Insurance Group's Original Answer and Defenses to Plaintiff's Original Petition
      Filed:        June 30, 2017

# Exhibit A-1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NYAB COLLECTION, INC. D/B/A ROYAL JEWELERS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:17-cv-01771 |
| GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | § § § § § § | |
| Defendant. | § | |

## **INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION**

Documents filed and all orders entered in the state court action as listed below:

1.  Plaintiffs' Original Petition
    Filed:      June 8, 2017

2.  Return of Service on Defendant Great American Insurance Group d/b/a Great
    American Insurance Company
    Served:   June 12, 2017
    Filed:      June 19, 2017

3.  Defendant Great American Insurance Group's Original Answer and Defenses to
    Plaintiff's Original Petition
    Filed:      June 30, 2017

# Exhibit A-2

## Case Information

DC-17-06845 | NYAB COLLECTION INC vs. GREAT AMERICAN INSURANCE GROUP

| Case Number | Court | File Date |
|---|---|---|
| DC-17-06845 | 193rd District Court | 06/08/2017 |
| Case Type | Case Status | |
| CNTR CNSMR COM DEBT | OPEN | |

## Party

PLAINTIFF
NYAB COLLECTION INC

   Aliases
   *DBA* ROYAL JEWELERS

Active Attorneys ▾
Lead Attorney
RICHERSON, JASON
Retained

Work Phone
214-935-1439 ⑤

Fax Phone
214-935-1443 ⑤

DEFENDANT
GREAT AMERICAN INSURANCE GROUP

   Aliases
   *DBA* GREAT AMERICAN INSURANCE COMPANY OF NEW YORK
Address
CT CORPORATION 1999 BRYAN ST.
STE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
TIPPETT, TODD M
Retained

Work Phone
214-742-3000 ⑤

Fax Phone

214-760-8994📞📵

## Events and Hearings

06/08/2017 NEW CASE FILED (OCA) - CIVIL

06/08/2017 ORIGINAL PETITION ▼

Original Petition NYAB.pdf

06/08/2017 CASE FILING COVER SHEET ▼

Civil Case Info Sheet 6-8-17.pdf

06/08/2017 ISSUE CITATION ▼

Comment
COPY PUT IN BOX 6/8/17 *NH

06/08/2017 CITATION ▼

Anticipated Server
CONSTABLE 1

Anticipated Method
Actual Server
CONSTABLE 1

Returned
06/19/2017

06/19/2017 RETURN OF SERVICE ▼

GREAT AMERICAN INS GROUP

Comment
CIT EXEC 6/12/17 PCT 1

06/30/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

Def Great American's Orig Ans.pdf

Comment
(SUBMITTED)

## Financial

NYAB COLLECTION INC

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $381.00 |
| Total Payments and Credits | | | | $381.00 |
| 6/8/2017 | Transaction Assessment | | | $381.00 |
| 6/8/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 36310-2017-DCLK | NYAB COLLECTION INC | ($381.00) |

## Documents

Original Petition NYAB.pdf

Civil Case Info Sheet 6-8-17.pdf

GREAT AMERICAN INS GROUP

Def Great American's Orig Ans.pdf

# Exhibit A-3

Exhibit A-3-a

FILED
DALLAS COUNTY
6/8/2017 1:08:45 PM
FELICIA PITRE
DISTRICT CLERK

Nikiya Harris



CAUSE NO. DC-17-06845 _____

| | | |
|---|---|---|
| NYAB COLLECTION INC<br>D/B/A ROYAL JEWELERS<br>  PLAINTIFF | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| | § | _____ DISTRICT |
| GREAT AMERICAN INSURANCE GROUP<br>D/B/A GREAT AMERICAN INSURANCE<br>COMPANY OF NEW YORK.<br>  DEFENDANT | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION

---

COMES NOW,

   Plaintiff NYAB COLLECTION INC. D/B/A ROYAL JEWELERS hereinafter (Plaintiff)

files its Original Petition complaining of Defendant GREAT AMERICAN INSURANCE

GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY OF NEW YORK.

(Defendant) for breach of contract, Unfair Settlement Practices, and bad faith.

### I. Discovery Control Plan

   1.1.    The Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of

Civil Procedure.

### II. Parties and Service of Citation

   2.1.    Nyab Collection Inc. D/B/A Royal Jewelers is a company located at: 3662 W.

Camp Wisdom Road, Ste. 2077, Dallas, Texas 75237.

   2.2.    Defendant may be served as follows:

2.3     Defendant, Great American Insurance Group D/B/A Great American Insurance Company of New York may be served at: **Ct Corporation 1999 Bryan St Ste 900**

**Dallas TX 75201**.

### III. JURISDICTION

3.1     This Court has subject matter jurisdiction over this action as Plaintiff's damages exceed the minimum jurisdictional limits of this Court

### IV. VENUE

4.1     Venue is proper in Dallas County for the following reasons:

A. The events leading up to the cause of action occurred in Dallas County.

B. Venue is proper because Defendant has done business in the county of suit.

### V. BACKGROUND

5.1     On or about September 7, 2016, the Plaintiff though a broker submitted a signed application for Jewelers Block Coverage to Defendant Great American Insurance Company of New York. At the time of submission, the broker listed no prior losses by Plaintiff. The Policy was issued to Plaintiff and the balance of the premium was paid in full.

5.2     On or about February 1, 2017, the Plaintiff's jewelry store was robbed at gunpoint wherein store lost approximately $188,000.00 in inventory. The Plaintiff in turn filed a claim with Defendant for the losses. After investigation, Examination Under Oath, and review of records obtained from Plaintiff, the Defendant Rescinded its Policy.

5.3     The Defendant cited failure to list previous loses as its reason for rescinding the

policy. Upon request, Defendant failed to produce the clause that provides for the policy

recession. The relevant part of the policy states:

> **General Conditions**
> **A. Concealment, Misrepresentation or Fraud**
> This Coverage Part is void in any case of fraud, intentional
> concealment or misrepresentation of a material fact, by you
> or any other insured, at any time, **concerning**:
> 1. This Coverage Part;
> 2. the Covered Property;
> 3. your interest in the Covered Property; or
> 4. a claim under this Coverage Part

5.4      Plaintiff replied to Defendant citing aforementioned clauses and noted it did not

include the grounds for recession cited by Defendant. It is upon this basis Plaintiff now sues.

## VI. BREACH OF CONTRACT

6.1      Plaintiff herby incorporates 1.1-5.4 as listed herein.

6.2      There are binding agreements between Plaintiff and Defendant. Plaintiff tendered

payment of its premium to the defendant.

6.3      Defendants breached the contract in its entirety by not paying loss claim amount

and rescinding policy.

6.4      The Plaintiff sustained significant damages as a result.

6.5      To-date the claim amount of approximately $188,000.00 remains unpaid in its

entirety.

## VI. Sec. 541.060. UNFAIR SETTLEMENT PRACTICES

7.1     Plaintiff herby incorporates 1.1-6.5 as listed herein.

7.2     Plaintiff presented a valid claim of loss to Defendant.

7.3     Defendant rescinded Plaintiff's policy.

7.4     There was no reasonable basis to rescind and deny Plaintiff's claim sustained significant damages as a result.

7.5     The Defendant knew or should have known that its provided rationale was not covered by the grounds of recession in the policy.

7.6     The Plaintiff request treble damages.

## VI. COMMON LAW BAD FAITH

8.1     Plaintiff herby incorporates 1.1-6.5 as listed herein.

8.2     Plaintiff presented a valid claim of loss to Defendant.

8.3     Defendant rescinded Plaintiff's policy.

8.4     There was no reasonable basis to rescind and deny Plaintiff's claim sustained significant damages as a result.

8.5     The Defendant knew or should have known that its provided rationale was not covered by the grounds of recession in the policy.

8.6     The Plaintiff request treble damages.

## VII. QUANTUM MERUIT

9.1     Plaintiff herby incorporates 1.1-8.6 as listed herein.

9.2     Alternatively, Plaintiff is entitled to recover the claim amount under the equitable theory of quantum meruit.

9.3     Plaintiff provided valuable payment of its premium to Defendant. Defendant accepted Plaintiff's premium and under such circumstances, had reasonable notice that Plaintiff expected to be paid should a claim arise. However, Defendant failed to pay Plaintiff's claim.

9.4     The usual, customary, and reasonable charge for Plaintiff's unpaid claim is the reasonable value of the losses sustained as a result of the theft.

9.5     Under this cause of action, Plaintiff seeks recovery of the claim amount, as well as its reasonable attorneys' fees, expert fees, costs, and interest as alleged below.

## X. ATTORNEY'S FEES

10.1. If allowed, Plaintiff also seeks attorney's fees. It was necessary for Plaintiff to secure the services of Jason Richerson, a licensed attorney, to protect and preserve the Plaintiff's rights. Defendant should be ordered to pay reasonable attorney's fees, expenses, and costs

through trial and appeal, and a judgment should be rendered in favor of this attorney and against Defendant and be ordered paid directly to Plaintiff's attorney, who may enforce the judgment in the attorney's own name. Plaintiff's request post-judgment interest as allowed by law.

## XI. TRCP 47c

11.1    Plaintiff's claims monetary relief of monetary relief over $200,000 but not more than $1,000,000; and a demand for judgment for all the other relief to which the party deems itself entitled, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fee. *Texas TRCP 47*

## XII. PRAYER

WHEREAS, PREMISES CONSIDERED, Plaintiff prays the Defendant be cited in Terms of law to answer herein and that upon final trial, Plaintiff recover all damages which it is entitled, all costs of Court, attorney's fees, pre and post-judgment interest, and for further and other relief, whether in law or in equity, to which Plaintiff may show themselves justly entitled.

DATED: June 6, 2017.

/s/ Jason J. Richerson
Jason J. Richerson
Richerson Law Firm
Texas Bar No. 24079207
306 East Randol Mill, Suite 160
Arlington, Texas, 76011
Phone: 214-935-1439
Fax: 214-935-1443
info@richersonlawfirm.com

Exhibit A-3-b

## CONSTABLE'S RETURN

**Style of Case:** NYAB COLLECTION INC. D/B/A ROYAL JEWELERS VS. GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

Came into hand, this **9** day of **JUNE** ,20 **17** AT **12:49**

o'clock **P** M. by executing and delivering a **CITATION** issued out of the

state of **TEXAS** under cause number: **DC-17-06845-L** **12** day

**JUNE** , 20 **17** , at **3:19** o'clock **P** M., to:

☐ _____ personally delivered/served true and correct copies of same.

**OTHER NOTES:** _____

☐ _____ pursuant to Rule 106/Rule 536, to an occupant:

_____ over the age of 16 years.

☐ _____ pursuant to Rule 106/Rule 536, by securely attaching

and/or affixing to the _____ of the defendant's last known place of

☐ business  ☐ abode.

☐ **GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY**  ☐ A Corporation  ☐ A Business

**Name:** **CT CORPORATION**  ☐ President ☐ Vice-President ☒ Registered Agent

☒ By delivering to the defendant's registered agent for service, C.T. CORPORATION SYSTEM, through Their authorized agent to accept service: **LAURA PEREZ SOP INTAKE ASSOCIATE** at 1999 BRYAN ST STE 900 Dallas, Texas 75201.

**Service Address:** **1999 BRYAN ST STE 900 DALLAS TEXAS 75201**

☐ RETURNED TO COURT AND/OR PLAINTIFF FOR THE FOLLOWING REASONS:

_____

**Service Fees: $ 80.00**

M. Johnson #185 DEPUTY CONSTABLE
**TRACEY L. GULLEY, CONSTABLE**
**DALLAS COUNTY PRECINCT 1**

**COUNTY OF DALLAS**

**STATE OF TEXAS**

SIGNED AND SWORN BY SAID _____ ,before me, this _____

Day of _____ 20 ____ , to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC-IN AND FOR THE STATE OF TEXAS

J. 038025

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:**  GREAT AMERICAN INSURANCE GROUP D/B/A
GREAT AMERICAN INSURANCE COMPANY
C. T. CORPORATION 1999 BRYAN STREET SUITE 900
DALLAS, TEXAS

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being NYAB COLLECTION INC. NYAB COLLECTION INC. D/B/A ROYAL
JEWELERS

Filed in said Court **8th day of June, 2017** against

GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

For Suit, said suit being numbered **DC-17-06845-L** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this
citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and seal of said Court at office this 8th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

---

PCT-1

CITATION

DC-17-06845-L

NYAB COLLECTION INC. D/B/A ROYAL
JEWELERS
vs.
GREAT AMERICAN INSURANCE GROUP
D/B/A GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK

ISSUED THIS
**8th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
JASON RICHERSON
RICHERSON LAW FIRM
306 EAST RANDOL MILL STE 160
ARLINGTON, TEXAS  76011
214-935-1439

---

DALLAS COUNTY CONSTABLE
FEES PAID   FEES NOT PAID

**OFFICER'S RETURN**

Case No. : DC-17-06845

Court No.193rd District Court

Style: NYAB COLLECTION INC

vs.

GREAT AMERICAN INSURANCE GROUP

Came to hand on the _____ day of _____ **JUN 0 9 2017**, 20____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

20____

_____

_____

For serving Citation   $ _____

For mileage   $ _____

For Notary   $ _____

**TRACEY GULLEY, CONSTABLE**
**DALLAS COUNTY PRECINCT 1**

of _____ County, _____

By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said

_____ before me this _____ day of _____, 20____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County _____

# Exhibit A-3-c

FILED
DALLAS COUNTY
6/30/2017 3:52 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-06845-L

| | | |
|---|---|---|
| NYAB COLLECTION, INC. D/B/A ROYAL JEWELERS, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | § § § § § | |
| Defendant. | § § | 193rd JUDICIAL DISTRICT |

## DEFENDANT GREAT AMERICAN INSURANCE GROUP'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Great American Insurance Company of New York (incorrectly named as Great American Insurance Group, d/b/a Great American Insurance Company of New York) ("Great American")[1] submits the following Answer and Defenses to the Original Petition of Plaintiff Nyab [sic] Collection, Inc. d/b/a Royal Jewelers ("Plaintiff")[2].

## GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Great American generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

---

[1]   The policy was issued originally issued by Great American Insurance Company of New York. The policy at issue was also properly and lawfully rescinded on May 3, 2017 by Great American Insurance Company of New York. Great American Insurance Group was not involved in the issuance or rescission of the policy at issue and therefore is not a proper party in this litigation.

[2]   Plaintiff made application for the insurance policy at issue as Nayab Collections, Inc. Great American Insurance Company never issued a policy of insurance to Nyab Collections, Inc. d/b/a Royal Jewelers.

---

### AFFIRMATIVE AND OTHER DEFENSES

### First Defense

2.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's intentional concealment, misrepresentation, or fraud of a material fact made during the policy application process.

### Second Defense

3.      Plaintiff's claims are barred, in whole or in part, to the extent Great American lawfully rescinded the policy at issue upon acquiring information that Plaintiff made a material misrepresentation, breach of a condition of the policy at issue, in order to obtain Jewelers Block Coverage.  As a result, there is no insurance policy and/or contract on which the Plaintiff may make a breach of contract claim, and thus Plaintiff has no viable cause of actions.

### Third Defense

4.      In the alternative, Plaintiff's claims are subject to all terms, conditions, limitations, sublimits exclusions, and deductibles contained in insurance policy number 1-51-71-64-00 (the "Policy") issued by Great American to Plaintiff.

### Fourth Defense

5.      In the alternative, Plaintiff's claims are barred, in whole or in part, to the extent the damage, if any, was not property covered by the Policy.

### Fifth Defense

6.      Plaintiff's claims are barred, in whole or in part, to the extent, Plaintiff failed to state a claim upon which relief can be granted, or to the extent Plaintiff is not a proper party.

### Sixth Defense

7.      Plaintiff's claims are barred, in whole or in part, to the extent failed to cooperate during the investigation and adjustment of the claim at issue.

### Seventh Defense

8.     Plaintiff's claims are barred, in whole or in part, by Plaintiff and/or its agents' failure to meet all conditions precedent to the recovery Plaintiff now seeks under the Policy.

### Eighth Defense

9.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's damages.

### Ninth Defense

10.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### Tenth Defense

11.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands

12.     Great American specifically reserves the right to claim additional defenses, affirmative and otherwise, as additional information becomes known during the litigation.

### ATTORNEYS' FEES AND COURT COSTS

13.     Great American intends to prove and see a finding that this suit was brought in bad faith or for the purpose of harassment, which entitles Great American to attorneys' fees and court costs under Texas Insurance Code § 541.153.

### PRAYER

Great American prays that (i) Plaintiff's claims for relief be denied in their entirety, (ii) Plaintiff take nothing by its claims, and (iii) Great American be granted such other and further relief to which they may be justly entitled.

---

Respectfully submitted,

ZELLE LLP

By:    /s/ Todd M. Tippett
    Todd M. Tippett
    Texas Bar No. 24046977
    TTippett@zelle.com
    Victoria L. Vish
    Texas Bar No. 24089850
    vvish@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT GREAT AMERICAN INSURANCE COMPANY OF NEW YORK (INCORRECTLY NAMED AS GREAT AMERICAN INSURANCE GROUP D/B/A GREAT AMERICAN COMPANY OF NEW YORK)**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Great American Insurance Group d/b/a Great American Insurance Company of New York's Answer and Defenses to Plaintiff's Original Petition has been served this 30th day of June, 2017, by electronic filing as follows:

Jason Richerson
State Bar No. 24079207
info@richersonlawfirm.com
RICHERSON LAW FIRM
306 East Randol Mill, Suite 160
Arlington, Texas 76011
Telephone:    214-935-1439
Facsimile:     214-935-1445

**ATTORNEY FOR PLAINTIFF**

_/s/ Todd M. Tippett_
Todd M. Tippett